IN THE UNITED STATES DISTRICT COURT FOR MARYLAND

(Northern District)

| | | |
|---|---|---|
| GARY WILLIAMS, | * | |
| Plaintiff, | * | |
| v. | * | |
| MV TRANSPORTATION, INC., | * | Case No. 1:23-cv-00547-BAH |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION *IN LIMINE* TO EXCLUDE PLAINTIFF'S EXPERT OPINION TESTIMONY AND RELATED INFORMATION INCLUDING MEDICAL RECORDS AND BILLS PURSUANT TO FED. R. CIV. P. 37(C)(1)**

COMES NOW Defendant, MV Transportation, Inc. ("Defendant"), by and through its attorneys, Scarlett M. Corso and Goldberg Segalla, LLP, hereby files this Memorandum in Support of its Motion in *Limine* pursuant to the Federal Rules of Civil Procedure, seeking an Order precluding Plaintiff, Gary Williams ("Plaintiff"), from introducing any expert opinion testimony and related information, including any medical records and bills, at trial in this matter and, in support thereof, states as follows:

**FACTUAL PREDICATE**

1. On or about January 11, 2023, Plaintiff filed the subject Complaint against Defendant in the Circuit Court for Baltimore City pertaining to a motor vehicle accident that he alleges occurred on August 8, 2022 in the 1400 block of Fulton Avenue in Baltimore City, Maryland involving a motor vehicle operated by the Plaintiff and a motor vehicle owned by Defendant (the "Occurrence"). *See* ECF No. 4 at ¶¶3-6. Plaintiff claims substantial damages in his Complaint in the form of "serious physical injury, pain, mental distress, and inconvenience" sustained and demands judgment in excess of $75,000.00. *See id.,* at ¶¶9, 13.

2. On February 28, 2023, Defendant filed its Notice of Removal, thereby removing the case to the United States District Court for the District of Maryland, and then filed its Answer on March 21, 2023. *See* ECF Nos. 1-2, 9.

3. On March 23, 2023, this Court issued its Scheduling Order, which provided for a deadline of May 22, 2023 for Plaintiff's Rule 26(a)(2) disclosures and a deadline of June 21, 2023 for Defendant's Rule 26(a)(2) disclosures. *See* ECF No. 10.

4. On April 13, 2023, the parties submitted their Joint Initial Report in which they did not request any modifications to the Court's Scheduling Order. *See* ECF No. 11.

5. Plaintiff failed to serve any disclosures pursuant to Rule 26(a)(2) on or before May 22, 2023. Specifically, prior to May 22, 2023, Plaintiff never provided Defendant, or any representative thereof, with any documentation pertaining to his alleged medical treatment necessitated by the Occurrence. He also failed to identify the names or qualifications of any expert witnesses, failed to identify the substance of the findings and opinions of any intended expert witnesses or the grounds for each opinion held by each intended expert witness, and failed to provide reports regarding the proposed experts' findings prior to May 22, 2023.

6. On May 31, 2023, in compliance with Local Rule 104 and the Court's Letter Order[1] pertaining to same, undersigned counsel spoke with Plaintiff's counsel via telephone and advised Plaintiff had failed to comply with his Rule 26(a)(2) disclosure deadline, as confirmed via email. (*See* June 21, 2023 Letter, attached hereto as Exhibit A, and Email Communications, attached hereto as Exhibit B). Moreover, undersigned counsel advised Plaintiff's counsel that Defendant had never received any documentation from Plaintiff pertaining to his claim for damages such that Defendant had no information as the nature and extent of personal injury Plaintiff was claiming.

---

1 *See* ECF No. 15.

(*See* Ex. A-B). Moreover, undersigned counsel advised Defendant might be willing to waive its objection to Plaintiff's potential latent Rule 26(a)(2) disclosure depending on the prejudice caused by the latent disclosure, i.e. whether Plaintiff intended to only identify medical treatment providers who had rendered medical treatment to the Plaintiff in connection with this lawsuit. (*See id.*).

7. During that teleconference on May 31, 2023, and as confirmed by subsequent communications, Plaintiff's counsel acknowledged that Plaintiff had failed to comply with his Rule 26(a)(2) disclosure deadline, did not identify any expert witnesses by way of supplementation (verbally or in writing), and did not provide any substantial justification, explanation, or good cause for failing to comply with Plaintiff's Rule 26(a)(2) disclosure deadline. (*See id.*).

8. On June 2, 2023, Plaintiff's counsel provided Defendant with a, "copy of [Plaintiff's] medical bills and records…total[ling] $6,274.93." (*See id.; see also,* Medical Treatment Documentation, attached hereto as Exhibit C). That documentation consisted of a singular medical bill pertaining to medical treatment undergone on 8/24/22 at University of Maryland Medical Center Midtown Campus ("UMMC"), and medical records and medical bills pertaining to medical treatment undergone with Maryland Physicians Associates and Maryland Healthcare Clinics from 8/27/22-9/22/22. (*See id.*).

9. On June 9, 2023, undersigned counsel advised Plaintiff's counsel that Plaintiff had failed to provide any records pertaining to the alleged medical treatment received at UMMC on 8/24/22 (only the bill) and requested Plaintiff provide same. (*See* Ex. B).

10. As of today's date, Plaintiff has not responded to that request and has not provided Defendant with any records pertaining to any alleged medical treatment at UMMC necessitated by the Occurrence, or any physicians who rendered same,.

11. It has been three (3) weeks since Plaintiff's Rule 26(a)(2) disclosure deadline and despite the fact that defense counsel voluntarily notified Plaintiff's counsel of Plaintiff's failure to comply with same via teleconference and email, and endeavored to reach a resolution to remedy that failure without involving this Court, Plaintiff has failed to remedy his failure or provide any manner of disclosure in an effort to comply with Rule 26(a)(2).

12. Today is Defendant's Rule 26(a)(2) disclosure deadline and Defendant is unable to sufficiently comply with same given Plaintiff has failed to comply with his Rule 26(a)(2) disclosure deadline. Moreover, the discovery deadline is currently scheduled for August 7, 2023, less than 2 months from today's date, such that due to Plaintiff's failure, Defendant will be unable to complete all necessary discovery prior to the discovery deadline.

## **ARGUMENT**

13. Federal Rule of Civil Procedure 26(a)(2)(A) requires litigants to disclose "the identity of any witness [they] may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." FED.R.CIV.P. 26. Moreover, Rule 26(a) (2)(B) requires litigants to produce written reports for any witness who is "retained or specially employed to provide expert testimony in the case" or "whose duties as the party's employee regularly involve giving expert testimony." *Id.* Federal Rule of Civil Procedure 37(c)(1) provides that "if a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." This Rule operates as an "automatic exclusion provision" for noncompliance with the Court's scheduling order. *See Sullivan v. Glock, Inc.,* 175 F.R.D. 497, 503 (1997).

14. As explained by Judge Grimm in *Sullivan v. Glock Inc.,* "the court should consider four factors in assessing whether there was substantial justification for the failure to disclosure or

harmlessness to the opposing party: (1) the importance of the excluded testimony; (2) the explanation of the party for its failure to comply with the required disclosure; (3) the potential prejudice that would arise from allowing the testimony; and (4) the availability of a continuance to cure such prejudice." 175 F.R.D. at 506-07.

15. To date, Plaintiff has offered no explanation or justification whatsoever as to the failure to make any attempt to file his Rule 26(a)(2) disclosures or identify any expert witnesses. Plaintiff filed the lawsuit *sub judice* more than five (5) months ago and given the nature of the negligence claim, i.e. a routine personal injury claim arising from a motor vehicle accident, the identity of Plaintiff's expert witnesses was likely known to Plaintiff before he even filed suit. Yet even after being given an opportunity to remedy his failure, he has nonetheless failed to comply.

16. Plaintiff's failure to submit Rule 26(a)(2) disclosures is not harmless, because Defendant's Rule 26(a)(2) disclosure deadline is today and the discovery deadline is less than two (2) months from now, and so even if Plaintiff were to latently submit his disclosures subsequent to the filing of this Motion, it would be totally insufficient for Defendant to have the opportunity time comply with its Rule 26(a)(2) deadline, issue records subpoenas, obtain responses to those records subpoenas and then depose Plaintiff's designated experts prior to the discovery deadline. Consequently, Defendant is unable to take advantage of other discovery methods to seek information regarding Plaintiff's intended experts and their opinions.

17. To date, Plaintiff has also failed to supplement its failure by providing information regarding its intended experts, despite the undersigned counsel's notification to Plaintiff's counsel on May 31, 2023 that Plaintiff had failed to designate any experts. *(See* Ex. B). Even after being requested to provide simply the documentation pertaining to Plaintiff's alleged medical treatment necessitated by the Occurrence, Plaintiff could not even provide a complete copy of same and failed to provide

any of the treatment records with UMMC. (*See* Ex. A-C).

18. Pursuant to the automatic exclusion provision of FRCP 37(c)(1), as a result of Plaintiff's failure to submit his Rule 26(a)(2) expert designation, Plaintiff should not be "allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial" in this matter. In other words, Plaintiff should be precluded from calling any untimely designated experts to offer their opinions at trial in this case, and furthermore should be excluded from offering any reports which those experts would authenticate, rely upon, and explain, including any records or bills pertaining to Plaintiff's alleged medical treatment.

19. As noted by the Court in *Sullivan,* allowing untimely or noncompliant expert disclosures "undercuts the very purpose of the pretrial scheduling order—including the important goal of setting a specific and limited period for discovery—and rewards dilatory practices by the party which failed to make proper Rule 26(a)(2) disclosures." 175 F.R.D. at 505. Finally, although a continuance is a possible remedy for Plaintiff's error, as Judge Grimm cautioned, "a court must be careful not to reward the party who failed to make proper disclosures by granting a continuance, a practice which invites abuse." *Id.* at 508. Here, where Plaintiff has provided no substantial justification and has failed to remedy the failure despite being provided notice by undersigned counsel of same and where the discovery deadline is within two months' time the automatic exclusion provision of Rule 37(c)(1) applies.

20. In the alternative, Defendant requests that the Court limit Plaintiff, for the purposes of his Rule 26(a)(2) disclosure, to being permitted to only designate those treating physicians identified in the medical treatment records that have been provided to Defendant as of today's date. In other words, that Plaintiff only be only those medical treatment providers for whom Plaintiff has provided reports as of today's date. Specifically, Defendant requests Plaintiff be limited at trial to

relying upon expert opinion testimony and related information from the physicians who rendered medical treatment to Plaintiff at Maryland Physicians Associates and Maryland Healthcare Clinics from 8/27/22-9/22/22, and that only the medical records and bills from those facilities from 8/27/22-9/22/22 be admitted at trial.

21. Accordingly, for all the foregoing reasons, Plaintiff's failure to file Rule 26(a)(2) disclosures is without substantial justification and is not harmless. Therefore, the Court should exclude the expert opinion testimony of any experts untimely designated by Plaintiff, as well as any reports that those experts would be called to rely upon, explain, and authenticate, including any medical records and bills, at trial in this matter.

**WHEREFORE,** Defendant, MV Transportation, Inc., asks this Honorable Court to preclude Plaintiff, Gary Williams, from introducing any expert opinion testimony and related information, including any medical records and bills, into evidence and at trial in this matter. In the alternative, Defendant requests that Plaintiff be limited to introducing into evidence and at trial only the expert opinion testimony and related information for which he has provided medical treatment records as of today's date, i.e. the medical treatment undergone with Maryland Physicians Associates and Maryland Healthcare Clinics between 8/27/22-9/22/22, and those physicians who rendered same. Defendant further requests for such other relief as this Honorable Court may determine necessary and proper.

Respectfully submitted,

*/s/ Scarlett M. Corso*

Scarlett M. Corso (#30017)
Pascal Moleus (#27314)
GOLDBERG SEGALLA, LLP
111 S. Calvert Street, Suite 2000
Baltimore, MD 21202

36819820.v1

Telephone: (443) 615-7516
Fax: (443) 615-7599
scorso@goldbergsegalla.com
pmoleus@goldbergsegalla.com
*Attorneys for Defendant, MV Transportation, Inc.*

36819820.v1