IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| GARY WILLIAMS | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| v. | * | Civil Action No.: 1:23-CV-00547-SAG |
| | * | |
| MV TRANSPORTATION INC. | * | |
| | * | |
| Defendant | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### PLAINTIFF'S ANSWERS TO INTERROGATORIES

Plaintiff Gary Williams (hereinafter "Plaintiff"), by and through his attorneys, Brandon C. James and the Law Office of Barry R. Glazer, P.C., and pursuant to Fed. R. Civ. P. 33 and L.R. 104, provides this written response to Defendant MV Transportation Inc.'s (hereinafter "Defendant") Interrogatories, and states:

### Preliminary Remarks

(a) The information supplied in these Answers is not based solely upon the knowledge of the executing party, but includes the knowledge of the party's agents, representatives, and, unless privileged, attorneys.

(b) The word usage and sentence structure is that of the attorneys who in fact prepared these Answers, and the language does not purport to be the exact language of the executing party.

(c) The Defendant's Interrogatories have been interpreted and answered in accordance with the Federal Rules of Civil Procedure, plain English usage and, to the extent not specifically challenged by objection, the definitions and instructions included with the Defendant's Interrogatories.

(d) Discovery in this case is ongoing and the Plaintiff has not yet completed his investigation of the facts pertaining to this action. These Answers furnish knowledge, facts, and information presently available, and as requested. Plaintiff reserves the right to supplement or modify these Answers should subsequent, additional, or different information be obtained before trial. These Answers will be appropriately supplemented, either formally or informally, by communicating the information to all parties.

(e) These Answers are made solely for the purposes of this action, and not for purposes of any other action or matter. Each Answer is subject to all objections as to competence, relevance, materiality, propriety, admissibility, and any and all other objections and grounds which would require the exclusion of any evidence disclosed herein if the evidence were produced and sought to be introduced

Exhibit A

into evidence at trial; all of which objections and grounds for exclusion are reserved and may be made and interposed at the time of trial of this action or any other attempt to utilize these Answers.

## GENERAL OBJECTIONS

(a) Plaintiff objects to these Interrogatories to the extent that they seek information or documents protected from disclosure by the attorney-client privilege, the work-product doctrine, or any other privilege or immunity, including the laws and doctrines of privacy, confidentiality, trade secret, or proprietary information. Any production of information or documents subject to the foregoing protections is inadvertent, and the Plaintiff reserves the right to obtain the return of such information and the prohibition of its use at trial, if any, or in any other manner; inadvertent production of such information should not be deemed or construed as knowing or effective waiver of any applicable privilege or other legal right.

(b) Plaintiff objects to these Interrogatories to the extent that they seek information not in the possession, custody, or control of the Plaintiff.

(c) Plaintiff objects to these Interrogatories to the extent that they are burdensome, oppressive, misleading, and irrelevant.

(d) Plaintiff objects to these Interrogatories to the extent that they are vague and ambiguous.

(e) Plaintiff objects to these Interrogatories to the extent that they seek information not calculated to lead to the discovery of admissible evidence.

(f) Plaintiff objects to these Interrogatories to the extent that they are duplicative or cumulative.

(g) Plaintiff objects to these Interrogatories to the extent that they fail to relate to the relevant time period or subject matter in this case.

(h) Plaintiff objects to these Interrogatories to the extent that they call for the identification or production of "any" and "all" of a category of documents or information. Such a request places an impossible burden on the Plaintiff which is far beyond that imposed by the applicable procedural rules. It is impossible to represent, even after having made a diligent search and a reasonable inquiry, that each document or thing falling within a description can be or has been located. Documents may have moved frequently and may have been arranged, rearranged, or reordered. Documents may have been lost or may have been part of material disposed of in accordance with a record retention program. Individuals with discrete knowledge relative to the existence or storage of documents may have left the company, taking that knowledge with them. The Plaintiff, therefore, cannot warrant or represent that they have identified or produced any and all documents, information, or things of type as required – only that they have identified or produced those which they could locate after having made a diligent search. Additionally, the Plaintiff can only provide the best information still available in response to any request. Any further requirement is objected to, as unduly burdensome.

(i) Plaintiff objects to the Defendant's Interrogatories "Definitions and Instructions," (however titled) to the extent that they seek to impose upon the Plaintiff obligations beyond those imposed by the Maryland Rules.

(j) Plaintiff expressly incorporates these general objections into each of the following Answers to the Defendant's Interrogatories. Plaintiff's Answers are made without in any way waiving: (1) the right to object to the admissibility or use of any such document or information for any purpose, in whole or in part, in any subsequent stage or proceeding in this action or any other action; and (2) the right to object on any and all grounds, at any time, to any other discovery procedure relating to the subject matter of these Answers.

## ANSWERS

1. State your full name and any alias, nickname, or other name by which you have been known, your current address and all former addresses for the prior five (5) years, your date of birth, your marital status, your social security number and email addresses.

**ANSWER No. 1:** **Gary Williams. Prior address: W Fairmount Ave (3 years ago), Current address: 1403 N. Fulton Ave Baltimore, Maryland 21217. DOB: 09/14/1983, SSN: 4347, Single.**

2. Identify all eyewitnesses to all or part of the occurrence and the location of any such witnesses at the time of the occurrence until one (1) hour after the subject occurrence and the substance of information in the witness(es) possession.

**ANSWER No. 2:** **Other than the passengers in the Defendant's bus, and the Defendant himself, the Plaintiff's grandmother, Phyllis McArthur, who was called after the occurrence by the Plaintiff to observe the scene from her residence at 1403 N. Fulton Ave Baltimore, Maryland.**

3. State the substance of all discussions concerning the incident that you or others in your presence had with any other person, including a party to this case. State when and where each discussion took place and identify all persons who were present.

**ANSWER No. 3:** **Immediately after the incident the defendant driver became irate and started arguing with Plaintiff.**

4. Identify all persons/passengers who were in the vehicle with you at the time of the occurrence, including in your answer their name, address, and phone number and their location in the vehicle.

**ANSWER No. 4:** **Plaintiff was alone in the vehicle at the time of the occurrence.**

5. State the names, addresses and telephone numbers of all persons who investigated the cause and circumstances of the occurrence on your behalf.

**ANSWER No. 5:** **Other than Plaintiff's attorneys, none.**

6. If you contend that any Defendant to this matter, or any of their agents, servants, or employees made any admission or declaration against interest which you intend to use at the trial of this case, please set forth the date, time, place, manner, and substance of each such admission or declaration against interest and any and all witnesses thereto.

**ANSWER No. 6:** **None.**

7. If you contend that a person not a party to this action may have acted in such a manner as to cause or contribute to the occurrence, give a concise statement of facts upon which you rely.

**ANSWER No. 7:** **Plaintiff denies any other party causing or contributing to the events of this occurrence.**

8. Give a concise statement as to how you contend the occurrence took place, including in your answer, where you were seated in the vehicle at the time of the occurrence, the lane in which your vehicle was traveling prior to, and at the time of, the occurrence, the speeds of the respective vehicles prior to collision, and when and where you first noticed the Defendant's vehicle, each place or location from which you were proceeding at the time of or prior to the occurrence, giving the time the trip was started, the expected time of arrival, setting forth each place, address or location you had been within the four hours immediately preceding the occurrence and the purpose or nature of trip.

**ANSWER No. 8:** ***See*** **the complaint attached with Response to Request for Production of Documents. In addition, Plaintiff was seated in the driver's seat of his vehicle, driving in the right lane at or around 20 mph. Plaintiff noticed the Defendant's bus driving in the left lane, through his driver's side mirror. Plaintiff left his home on Fulton Avenue and was headed to his friend's house at or around 4:30PM, Plaintiff anticipated the journey to be around 10 minutes.**

9. Describe in detail the severity of the occurrence.

**ANSWER No. 9:** *See* **medical records attached with Response to Request for Production of Documents.**

10. State whether you took any action to mitigate your alleged damages, and if so, describe what action you took.

**ANSWER No. 10:** **See medical records attached with Response to Request for Production of Documents.**

11. If you owned a cellular telephone, state whether it was in use at the time of the accident and produce a copy of the bill for that includes the date surrounding the accident.

**ANSWER No. 11:** **Plaintiff objects to these Interrogatories to the extent that they are burdensome, oppressive, misleading, and irrelevant. Plaintiff claimed his cellular telephone was not in use at the time of this occurrence.**

12. Describe your activities immediately following the occurrence, including if you left the scene of the accident, the location to which you traveled immediately following the occurrence, and whether you reported the occurrence to any person or company.

**ANSWER No. 12:** **Plaintiff stated he remained on the scene until police officers and mobility police officers arrived.**

13. State whether you consumed any alcoholic beverages of any type or any medication or other drugs within twenty-four (24) hours prior to said occurrence and, if so, state the place where the alcoholic beverages or drugs were obtained, the type of alcoholic beverage or drug involved and the nature and extent of your use.

**ANSWER No. 13:** **Plaintiff denies having consumed any alcoholic beverages, drugs or medication 24 hours prior to the occurrence.**

14. State the precise facts upon which you base your contention that the occurrence was caused or contributed to by the negligence or breach of any duty on the part of this Defendant.

**ANSWER No. 14:** *See* **complaint attached with Response to Request for Production of Documents.**

15. State the names and addresses of all experts whom you intend to call as witnesses at the trial of this matter. If any have prepared a report of his or her findings, please attach a copy of the report to your answers to these interrogatories. In addition, please provide the following information:

   a. State the subject matter upon which each expert is expected testify;
   b. State the substance of the findings and opinions to which each such expert is expected to testify;
   c. Provide a summary of the grounds for each opinion;
   d. Provide an outline of each expert's educational and employment history;
   e. Provide any available list of publications written by that expert; and,
   f. State the terms of the expert's compensation.

**ANSWER No. 15:** **Plaintiff is not calling any expert witness.**

16. Identify each person, other than a person intended to be called as an expert witness at trial, having discoverable information that tends to support a position that you have taken or intend to take in this action, including any claim for damages, and state the subject matter of the information possessed by each such person identified.

**ANSWER No. 16:** **Plaintiff's grandmother, Phyllis McArthur.**

17. State with precision the nature and location of all bodily injuries allegedly sustained by you as a result of the alleged occurrence, state whether such injury was temporary or is permanent, and describe in detail any symptoms, handicaps or other physical or mental complaints which you presently have as a result of the occurrence.

**ANSWER No. 17:** *See* **medical records attached with Response to Request for Production of Documents.**

18. Describe all current symptoms, disabilities, and other physical or mental conditions you claim are a result of the occurrence.

**ANSWER No. 18:** *See* **medical records attached with Response to Request for Production of Documents.**

19. State the names and addresses of all physicians, hospitals and other medical care providers that have rendered treatment to you or that have examined you as a result of the occurrence and those physicians who have treated you for the three-year period prior to the occurrence. For the treatment rendered to you for injuries alleged to have been sustained as a result of this occurrence, include in your answer the dates of all such treatments and examinations, the nature and purpose thereof, and the costs for such treatment. Attach to your answers a copy of all bills and reports produced by any such provider.

**ANSWER No. 19:** *See* **medical records attached with Response to Request for Production of Documents for list of physicians used subsequent to this occurrence. Plaintiff occasionally receives medical treatment from the Wellness Center at the Maryland Live Casino.**

20. Identify all physicians, hospitals and other medical/health care providers ("providers") including but not limited to, a primary care physician that have rendered treatment to you or that have examined you for the ten-year period prior to the subject occurrence, and any provider rendering treatment to you subsequent to said occurrence for any reason, other than as a result of the occurrence, including in your answer the dates of all such treatments and examinations, and the nature and purpose thereof, and if you were admitted, the dates of your admissions and discharges.

**ANSWER No. 20:** *See* **medical records attached with Response to Request for Production of Documents. Plaintiff visited John Hopkins Hospital within the last ten years for brain surgery. Plaintiff was seen by Dr. Benjamin Carson.**

21. Do you claim any permanent or continuing injuries as a result of the subject occurrence, if so, please describe in detail the nature of those injuries and the identity of the health-care providers who support such claims.

**ANSWER No. 21:** *See* **medical records attached with Response to Request for Production of Documents.**

22. If you claim this occurrence aggravated a pre-existing condition, (a) state the full details regarding how each such injury was received or how the pains or difficulties began, (b) the dates thereof, (c) the names and addresses of all physicians and hospitals that treated or examined you for said injuries (d) describe in detail any physical complaints which you had and activities which you were unable to perform as a result of the pre-existing injuries, (e) describe the nature and extent of how this occurrence aggravated this pre-existing condition and (f) the name and address of all physicians, who opined that this occurrence aggravated the pre-existing condition.

**ANSWER No. 22:** *See* **medical records attached with Response to Request for Production of Documents.**

23. State whether you ever injured or hurt or experienced any pain or difficulty with the parts of your body which you allege you injured in the subject occurrence prior or subsequent to the date of the occurrence. If your answer is in the affirmative, state the full details regarding how each such injury was received or how the pains or difficulties began, the dates thereof, the names and addresses of all physicians and hospitals that treated or examined you for said injuries, pain or difficulty and the dates of any lost time from work as a result of each injury or episode of pain and describe the subsequent difficulty and the number of times it occurred.

**ANSWER No. 23:** *See* **medical records with Response to Request for Production of Documents.**

24. State whether you have ever had or suffered from any disease, sickness, infirmity (other than of a routine nature) or personal injury other than sustained in the occurrence here involved. If so, describe the disease, infirmity, injury, etc. and state how and when received, and the name and address of the persons causing the same, and the doctors or hospitals which examined or treated you.

**ANSWER No. 24:** **Plaintiff received a series of brain surgeries between the ages of 3-29 at John Hopkin's Hospital for a Hydrocephalus Shunt. Plaintiff also has epilepsy but has not had a seizure for the last three years.**

25. Identify, itemize and show how you calculate any and all expenses and other economic damages, past and future, that you claim are as a result of the occurrence and as to each item claimed identify the item, the amount claimed for that item, the method, if any, by which you computed the amount, the figures used in that computation, and the facts and assumptions upon which your claim is based, describing in detail any non-economic damages claimed.

**ANSWER No. 25:** *See* **medical records attached with Response to Request for Production of Documents.**

26. If the Plaintiff claims to have lost any income from any employment or self-employment as a result of the subject occurrence, identify the employer(s) for whom you were working during such alleged loss, the nature of your job duties, the number of hours you worked prior to the occurrence in an average week, the period of time you have been so employed, your rate of pay at the time of the occurrence, the number of hours that you allege you were unable to work, and whether and to what extent you were compensated by your employer for lost time following the occurrence. Identify all physicians who authorized you to lose time from work.

**ANSWER No. 26:** **Plaintiff is not making a claim for lost wages.**

27. If any person, firm, or company claims a right of reimbursement or subrogation or maintains a lien for all or any part of the damages claimed by the Plaintiff, then identify such, person, firm or its address, the amount of reimbursement, subrogation claim or lien, and claim or file number, and state the nature of such claim.

**ANSWER No. 27:** N/A.

28. State whether you have ever been involved as a complaining party in any other claim for personal injuries and/or property damage. If so, state the date of each such claim, the place where it occurred, the nature of the claim, and the names and addresses of the other parties.

**ANSWER No. 28:** N/A.

29. State whether you have ever filed a claim for any type of benefits, including workers' compensation benefits, prior to or after the alleged occurrence, in connection with the disability which you claim you sustained as a result of this occurrence, or as a result of any other injury or accident you have sustained. If your answer is in the affirmative, then identify each such claim, the claim number(s), when filed, with whom filed, and the amount and nature of benefits you received in response to each such claim.

**ANSWER No. 29:** **Plaintiff applied for FMLA as a result of the accident, but it was denied.**

30. If any person carrying on an insurance business is or might be liable to pay for any of the damages claimed in this matter, identify that person, state the policy number and identify all communications with that person relative to the damages claimed, including but not limited to any claim made and response from that person and payment of the claim and attach a copy of all documents concerning such insurance claim and a copy of the relevant policy.

**ANSWER No. 30:** N/A.

## OATH

I, Gary Williams, do solemnly declare and affirm under the penalties of perjury that the foregoing Answers to Interrogatories are true and correct to the best of my knowledge, information and belief.

Date: 8/1/23

*Gary Williams*
Gary Williams